IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRADY EAMES,<br><br>Plaintiff,<br><br>vs.<br><br>PRESIDENT'S MANAGEMENT COUNCIL,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:13-cv-143 CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). On December 19, 2013, Judge Furse issued a Report and Recommendation, recommending that this case be dismissed as moot. Plaintiff, Brady Eames timely filed an objection.

This case involves a Freedom of Information Act ("FOIA") request. Mr. Eames requested information about the President's Management Council on December 10, 2012. On January 16, 2013, a program analyst in the FOIA Requester Service Center acknowledged receipt of the request. Subsequently, however, no information was produced. Mr. Eames then filed suit on October 3, 2013, alleging the defendants had unlawfully withheld information in violation of 5 U.S.C. §§ 552(a)(3), (a)(6)(A)(i) and 41 C.F.R. § 105-60.402-2(a). Mr. Eames sought declaratory judgment that the defendants had violated those provisions. He also sought to enjoin the defendants from further withholding the requested information and an order directing defendants to fulfill their

-1-

obligations.

On November 14, 2013, a FOIA program analyst responded to Mr. Eames request by producing the requested documentation. The following day, the government filed a motion to dismiss this action as moot. Mr. Eames objects to the dismissal on the ground that he wants a declaration that the government violated the law and recognition of the $400.00 expenditure he had to make to file this action.

"Once the government produces all the documents a plaintiff requests, [his] claim for relief under the FOIA becomes moot," and it is "proper for the court to dismiss the action." *Anderson v. Dep't of Health*, 3 F.3d 1383, 1384 85 (10th Cri. 1993) (citations omitted). The court therefore overrules Mr. Eames' objection and approves and adopts Judge Furse's recommendation that this action be dismissed as moot.[1]

Such a dismissal, however, does not negate Mr. Eames' right to seek recovery of reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E). *Id.* at 1385; *see also Trenerry v. Dep't of Treasury*, No. 92-5053, 1993 U.S. App. LEXIS 4614, at *14 16 (10th Cir. Fed. 5, 1993). To determine whether Mr. Eames is entitled to recover his $400 filing fee and other litigation costs, the court necessarily must "refer to the merits of the underlying FOIA action in determining whether [he] is entitled to fees." *Anderson*, 3 F.3d at 1385 (citation omitted).

Specifically, Mr. Eames must show the following:

> [T]hat prosecution of the action was reasonably necessary to obtain the information and that there is a causal relationship between the action and the agency's release of information. . . . In addition, in

---

[1] Dkt. No. 14.

> exercising its discretion to award litigation costs, a court should consider four factors or criteria as guidelines . . .: (1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought and (4) whether the government's withholding of the records had a reasonable basis in the law.

*Trenerry*, 1993 U.S. App. LEXIS 4614, at *16 17 (quotations and citations omitted).

If Mr. Eames intends to pursue recovery of his litigation costs, he must file a motion on or before **January 31, 2014** in front of Judge Furse that addresses each of the factors stated above. The government shall then have **February 14, 2014** to file any opposition brief. Mr. Eames shall have until **February 28, 2014** to file a reply to any opposition brief.

If no motion is filed by January 31, 2014, this case shall be closed.

DATED this 10th day of January, 2014.

BY THE COURT:

_____
Clark Waddoups
United States District Judge